IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRANDON J. KING, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:23-cv-00030 |
| | ) Judge Trauger |
| STATE OF TENNESSEE, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Brandon King, an inmate of the Davidson County Sheriff's Office in Nashville, Tennessee, filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1) which he subsequently amended. (Doc. No. 9.) He also filed an application for leave to proceed in forma pauperis (IFP). (Doc. No. 5.)

The case is before this court for ruling on the plaintiff's IFP application and initial review of the Amended Complaint under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

### I. APPLICATION TO PROCEED IFP

A prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears from the plaintiff's submission that he lacks sufficient financial resources to pay the full filing fee in advance, his application to proceed IFP in this matter (Doc. No. 5) is **GRANTED** and a $350 filing fee[1] is **ASSESSED**.

---

[1] While prisoners who are not granted pauper status must pay a total fee of $402—a civil filing fee of $350 plus a civil administrative fee of $52—prisoners who are granted pauper status are only liable for the $350 civil filing fee. *See* 28 U.S.C. § 1914(a)–(b) and attached District Court Miscellaneous Fee Schedule, provision 14 (eff. Dec. 1, 2020).

The warden of the facility in which the plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to the plaintiff's credit at the jail; or (b) 20% of the average monthly balance to the plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of the plaintiff's preceding monthly income (or income credited to the plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this order to the warden of the facility in which the plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this order follows the plaintiff to his new place of confinement, for continued compliance with the order. All payments made pursuant to this order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. INITIAL REVIEW

### A. Legal Standard

The court must dismiss the Amended Complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b). The review for whether the Amended Complaint states a claim asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill*

*v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although pro se pleadings must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), they must still "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, upon "view[ing] the complaint in the light most favorable to the plaintiff[.]" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009).

The plaintiff sues under 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Accordingly, the Amended Complaint must plausibly allege (1) a deprivation of rights secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

**B. Analysis**

In his Amended Complaint, the plaintiff requests relief for a violation of his Eighth Amendment right to be free from cruel and unusual punishment, "for being housed in a county jail on parole as a state inmate of TDOC." (Doc. No. 9 at 5.) He alleges that his incarceration resulted from "false charges," "false indictment dates," and multiple people "lying under oath" related to events that occurred at a Shell gas station on October 6, 2021. (*Id.*) He sues the State of Tennessee, seeking an award of damages for his "illegal confinement." (*Id.* at 1–2, 6.) He also seeks letters of apology from non-defendants, including people associated with the gas station, Nashville Police officers, his criminal defense attorney, the judge who "gave [him] an illegal sentence," and the probation office he has "never seen or heard from." (*Id.*)

3

The Amended Complaint is subject to dismissal. "Section 1983 creates liability for 'persons' who deprive others of federal rights under color of law. Only a 'person' faces liability under the statute." *Hohenberg v. Shelby Cnty., Tennessee*, 68 F.4th 336, 342 (6th Cir. 2023) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989)). The State of Tennessee is not a "person" under § 1983, *see Will*, 491 U.S. at 71, nor can it be sued "directly in its own name" in federal court unless its sovereign immunity under the Eleventh Amendment has been waived or abrogated, *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985)—which it has not for purposes of suits under § 1983. *Morgan v. Bd. of Pro. Resp. of the Supreme Ct. of Tennessee*, 63 F.4th 510, 518 (6th Cir. 2023). Thus, a § 1983 suit against the State of Tennessee "fails twice over—first due to sovereign immunity, second due to the inapplicability of § 1983." *Mikel v. Quin*, 58 F.4th 252, 256 (6th Cir. 2023) (citing cases).

Furthermore, even if the plaintiff had sued a proper, non-immune defendant, his claim for damages would be barred by the rule of *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that an action for damages for "harm caused by actions whose unlawfulness would render a state conviction or sentence invalid" is not cognizable unless the plaintiff can show that his conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state [court], or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87, 489. *Heck*'s "'favorable termination' requirement is necessary to prevent inmates from doing indirectly through damages actions what they could not do directly by seeking injunctive relief—challenge the fact or duration of their confinement without complying with the procedural limitations of the federal habeas statute." *Nelson v. Campbell*, 541 U.S. 637, 646–47 (2004). According to online records of the Davidson County Criminal Court Clerk, the plaintiff was convicted of felony vandalism occurring on October 4, 2021, and sentenced to three years in

prison.² *See Lynch v. Leis*, 382 F.3d 642, 647 n.5 (6th Cir. 2004) (noting that judicial notice is properly taken of "court records [that] are available online to members of the public") (citation omitted). It does not appear that he has succeeded in invalidating his conviction or sentence. Thus, even if his claim to damages based on "false charges" and "illegal confinement" had been asserted against a proper defendant, it would be barred by *Heck*.

### III. CONCLUSION

For the above reasons, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim upon which relief can be granted and seeking monetary relief against an immune defendant.

The court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge

---

² https://sci.ccc.nashville.gov/Search/CriminalHistory?P_CASE_IDENTIFIER=BRANDON%5EKING%5E09031988%5E412485 (last visited Sept. 7, 2023).

5

Case 3:23-cv-00030   Document 11   Filed 09/22/23   Page 5 of 5 PageID #: 68